1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAVANNA ENERGY SERVICES CORP., a foreign corporation,<br><br>                    Plaintiff,<br><br>    vs.<br><br>PASHA STEVEDORING & TERMINALS, LP, a California Limited Partnership; and ROGNLIN'S, INC., a Washington corporation,<br><br>                    Defendants. | Civil No. _____<br><br>**COMPLAINT** |

Plaintiff, for its complaint against Defendants, alleges upon information and belief:

**JURISDICTION AND VENUE**

1.      This is an action within the jurisdiction of this Court pursuant to its diversity jurisdiction and 28 U.S.C. §1332. The amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. §1391 because this is the judicial district in which at least one of the Defendants resides and it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

LAW OFFICES OF
**NICOLL BLACK & FEIG, PLLC**
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

**PARTIES**

2.      Plaintiff is a foreign corporation. Savanna Energy Services Corp. ("Savanna") is and was at all material times a Canadian corporation with its principal place of business in Calgary, Alberta, Canada. At all times pertinent hereto, Savanna was the owner of a certain drill rig mast, which was part of Rig #406.

3.      Defendant Pasha Stevedoring & Terminals L.P. ("Pasha") is a California limited partnership with its principal place of business in Wilmington, California. Upon information and belief, Pasha provides stevedoring services in various ports throughout the United States, including The Port of Grays Harbor, Aberdeen, Washington.

4.      Defendant Rognlin's Inc. ("Rognlin's") is a Washington corporation with its principal place of business in Aberdeen, Washington. Upon information and belief, Rognlin's is a General Contractor providing services to commercial/industrial concerns.

5.      On November 4, 2010, Plaintiff caused to be delivered to Pasha, at The Port of Grays Harbor, Aberdeen, Washington, a certain drill rig mast, which was part of Rig #406.

6.      On November 5, 2010, at The Port of Grays Harbor, Aberdeen, Washington, Defendants Pasha and Rognlin's undertook to transfer the drill rig mast from an overland tractor-trailer. During that transfer operation, the mast was dropped. As a result, significant damage occurred to the mast requiring the manufacture of a replacement mast.

**FIRST CAUSE OF ACTION:  BAILMENT**

7.      Plaintiff refers to and incorporates by reference each and every preceding paragraph of this Complaint as though fully set forth herein.

8.      On or about November 5, 2010, Defendants were bailees of the drill rig mast.

9.      The drill rig mast had been caused to be delivered to the Defendants and/or their agents or servants in good condition by Plaintiff.

10.     As a result of the incident, the Defendants and/or their agents or servants failed to maintain and deliver the drill rig mast in the same good condition.

COMPLAINT - 2

LAW OFFICES OF
NICOLL BLACK & FEIG, PLLC
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

1    11.    As a result, Defendants breached their duties as bailees.

2    12.    Plaintiff incurred damages as a result of Defendants' breach of bailment duties in an

3    amount to be proven at trial in excess of $75,000.

4                    **SECOND CAUSE OF ACTION:  NEGLIGENCE**

5    13.    Plaintiff refers to and incorporates by reference each and every preceding paragraph of

6    this Complaint as though fully set forth herein.

7    14.    On or about November 5, 2010, while handling the drill rig mast, the Defendants owed

8    a duty of care to Plaintiff.

9    15.    Defendants breached their duty of care.

10   16.    The Defendants' breach proximately caused damage to the drill rig mast.

11   17.    Plaintiff was damaged as a result of Defendants' negligence in an amount to be proven

12   at trial in excess of $75,000.

13                 **THIRD CAUSE OF ACTION:  BREACH OF CONTRACT**

14   18.    Plaintiff refers to and incorporates by reference each and every preceding paragraph of

15   this Complaint as though fully set forth herein.

16   19.    On November 5, 2010, Defendants may have, in addition, owed duties to Plaintiff

17   under a contract for the carriage of goods, a stevedoring services contract, a terminal use agreement

18   and/or under a common law contract. Although Plaintiff does not believe any contract for the carriage

19   of goods was applicable at the time of the loss, and also does not believe that the terms of any such

20   contract of carriage would extend to Defendants, it nonetheless alleges this cause of action, if

21   necessary, to toll the statute of limitations under the Carriage of Goods by Sea Act, 46 U.S.C. § 30701

22   *et seq.*, ("COGSA"), should it later be determined that COGSA applies.

23   20.    By damaging the drill rig mast, Defendants breached one or all of the aforesaid

24   contracts, damaging Plaintiff in an amount to be determined at trial in excess of $75,000.

25

26

COMPLAINT - 3

LAW OFFICES OF
NICOLL BLACK & FEIG, PLLC
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

1.      That judgment be entered against Defendants in an amount to be determined at the time of trial;

2.      That prejudgment and post-judgment interest be awarded to Plaintiff in an amount allowed by law;

3.      That attorneys' fees and costs and expenses of suit be awarded to Plaintiff as allowable by law; and,

4.      That Plaintiff be awarded such other relief as may be just and proper.

DATED this 4th day of November, 2011.

Respectfully submitted,

NICOLL BLACK & FEIG, PLLC

By: _____
Christopher W. Nicoll, WSBA # 20771
Attorneys for Plaintiff

COMPLAINT - 4

LAW OFFICES OF
**NICOLL BLACK & FEIG, PLLC**
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
TEL: 206-838-7555
FAX: 206-838-7515